Order affirmed, with ten dollars costs and disbursements, unless the defendant within twenty days stipulates to allow judgment to be entered against him for $321.61 and interest from November 25, 1892, with costs of the action, and in that event the order appealed from be so modified, without costs of this appeal to either party.

---

JOHN E. WALLS, as Administrator, etc., of CATHARINE WALLS, Deceased, Respondent, v. ROCHESTER RAILWAY COMPANY, Appellant.

*Negligence — contributory negligence — when a verdict will not be disturbed — when not excessive.*

In an action brought by an administrator to recover the damages resulting from the death of his intestate caused by the alleged negligence of the defendant, a railroad company, it appeared that at the street intersection where the accident occurred the defendant operated a double-track street railway; that the intestate, a woman about seventy-two years of age, crossed the first track in safety; that when she approached the second track the car which killed her was about 100 feet away, approaching upon a descending grade at a speed exceeding that prescribed by the city ordinance; that the railroad tracks were

wet and muddy; that the distance between them was about four feet; that when she was about to step upon the second track she saw the car near her, and ran; and had run so nearly over the second rail that one step more would have brought her outside the path of the car, when she was struck by its outer corner; that after she was struck the car moved a distance of 100 feet before it could be stopped. Whether the motorman really tried to stop the car, was a fact in dispute.

*Held,* that it was proper to submit the question of contributory negligence to the jury, and that a verdict for the plaintiff would not be disturbed;

That a verdict of $1,500 was not excessive in view of the fact that the deceased was a strong and healthy woman, aged seventy-two years, who did general housework for a family consisting of herself and two children.

APPEAL by the defendant, the Rochester Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 3d day of February, 1894, upon the verdict of a jury rendered after a trial at the Monroe Circuit, and also from an order entered in said clerk's office on the 2d day of February, 1894, denying the defendant's motion for a new trial.

*Charles J. Bissell,* for the appellant.

*Thomas Raines,* for the respondent.

LEWIS, J.:

The intestate, Catharine Walls, was killed while attempting to cross the tracks of the defendant's railway on Monroe avenue, in the city of Rochester, by a car belonging to and operated by the defendant.

The defendant has a double track in Monroe avenue from Clinton street easterly to a point beyond Chestnut street. Chestnut street enters Monroe avenue at right angles from the north. Between the points mentioned the railroad tracks run practically east and west, upon quite a down grade towards the east, so much so that a car will run by its own gravity.

On the 1st day of October, 1891, between three and four o'clock in the afternoon, the plaintiff's intestate left a store on the north side of Monroe avenue, one door west of Chestnut street. She walked to Chestnut street, and started to cross to the south side of Monroe avenue by way of the west crossing on Chestnut street. She crossed the northerly track, and when nearly across the south-

erly track she was struck by one of the defendant's cars, running easterly upon the southerly track, and received injuries from which she died in a few days.

The evidence justified the jury in finding that the defendant's negligence caused the injury to the deceased.

The serious question, and one upon which we have had some doubt, is whether the deceased was shown to have been free from contributory negligence.

The evidence on that question is quite conflicting, as is not unusual in such cases. Witnesses of such accidents are usually under great excitement, and are quite likely to differ when relating what they saw.

As the deceased approached the crossing she was seen to look in the direction of the approaching car. She undoubtedly saw it, and evidently concluded that she would have time to pass over the tracks with safety before the car arrived at the crossing. She presumably misjudged the speed of the car, which the evidence tends to show was running quite rapidly, at a much greater speed than the ordinances of the city permitted, and more rapidly even than was usual for cars passing along that down grade.

The witness Groh was standing in the doorway of his store, at a distance of from 90 to 100 feet west of the crosswalk on which Mrs. Walls was walking. When he first noticed her she was going south upon the crosswalk, and was about to step on the north track. She then turned her head and looked towards the approaching car and continued on, and when she had crossed the space between the two tracks, a distance of about four feet, and was about to step on the south track, the car was passing the witness' store, a distance of 90 to 100 feet west of the deceased. The motorman at that time commenced ringing the gong. The deceased again looked toward the car and started on a run or trot, as if to hurry across the track.

In speaking of the speed of the car, this witness stated that he noticed it was coming down unusually fast; that he was accustomed to observe the speed of cars, and that it was moving faster than cars ordinarily did, faster even than they usually ran down that grade. He further stated that the usual movement of cars down that grade was quite rapid. He did not notice any change in the speed of the car after the gong sounded, until after the accident.

There was evidence tending to show that the car was not brought to a stop, until it had reached a point about 100 feet east of Chestnut street.

The motorman testified that he applied the brakes when he was about 100 feet west of Chestnut street, and that he employed all the means provided for stopping the car. It had been raining that day, and the track was muddy and slippery, which, the evidence shows, made the stopping of the car more difficult. The fact that the motorman was not able to stop the car, until it had run some 200 feet, tended to corroborate the testimony that the car was running at quite a rapid speed.

There was evidence tending to show that if the track had been dry, the car could have been stopped in a distance of from thirty to forty feet.

The deceased manifestly failed to appreciate the speed of the car, when she concluded that she could safely cross the track. She was not in a position to form a correct judgment of its speed, as it was coming directly towards her. Had the car not been running at a speed exceeding the rate fixed by the city ordinances, seven miles an hour, the deceased would have passed over the track safely. Had the motorman, as was usual, slackened the speed of the car when approaching the street crossing, the accident would not have occurred. Had the deceased been one step farther on her journey, she would have passed beyond the reach of the car. She was struck by the south front corner of the car.

There was evidence permitting the jury to find that, after the intestate had passed over the north track and was about to step upon the southerly track, the car was from 90 to 100 feet distant from the crossing. If this was the situation, she, perhaps, was justified in believing that she could safely cross. After she had made up her mind to cross the southerly track, she evidently saw that there was danger, but in the excitement of the moment did not judge correctly as to the situation. Had she understood that the car was running at such a rapid rate, it was a negligent act to attempt to cross, relying upon the motorman to slacken the speed of the car.

Whether the motorman did anything to lessen the speed of the car, after he discovered that Mrs. Walls intended to cross the track

PEOPLE ex rel. GROTON CO. *v.* TOWN BOARD. 585

Hun.]          FIFTH DEPARTMENT, DECEMBER TERM, 1895.

in front of the car, was a disputed question. He testified that he did do all he could to lessen its speed. Other witnesses, who observed the course of the car, testified that they did not observe any attempt on his part to check the speed of the car.

We are, upon the whole case, of the opinion that the question of contributory negligence was properly submitted to the jury.

The verdict was for $1,500. It is claimed by the appellant that it was excessive. Mrs. Walls was a widow, about seventy-two years of age, in good health. She had not been subject to any sickness; was strong and healthy. She did the general housework for the family, consisting of herself, son and daughter. We cannot see that, under the circumstances, the verdict was excessive. We see no reason for disturbing the verdict.

The judgment and order appealed from should be affirmed.

BRADLEY and WARD, JJ., concurred; ADAMS, J., dissented.

Judgment and order affirmed.